**Jeff PRICE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 10, 1956.

---

Napier & Napier, C. W. Napier, Sr., C. W. Napier, Jr., Hazard, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Appellant, Jeff Price, indicted in the Perry Circuit Court for uttering a forged instrument in violation of KRS 434.130(1), was convicted and sentenced to the penitentiary for two years. The sole ground urged for reversal is that the evidence was insufficient to submit the case to the jury.

The indictment is based upon the disclosure that on April 10, 1950, a quitclaim deed was recorded in the Perry County court clerk's office which undertook to convey all interest of Govan, Saul and John B. Begley in a tract of land to Jeff and Elmira Price. The instrument was dated April 3, 1950, and was supposed to have been acknowledged before one Robert Bowling, a deputy county court clerk.

The original deed itself was not produced at the trial. However, there is substantial evidence in the record tending to point up the fact that the Begleys, particularly John B. Begley, appeared before the grand jury with the original instrument, and the signatures affixed to it with pen and ink were compared with those written then and there by the alleged grantors in the presence of the grand jurors. The county attorney, who served with the grand jury at the time the indictment was returned and who was called as a witness for the Commonwealth, stated that one of the Begleys had the deed which "I assume was supposed to have been the original deed." At the trial only a certified copy of the recorded deed was introduced in evidence.

All three grantors testified they did not sign nor acknowledge the deed; they were not in Perry County on April 3, 1950, the date of its execution; and they did not even know Robert Bowling, the deputy county court clerk. Jeff Price, testifying in his own behalf, claimed he never saw nor heard of the original deed or its certified copy until he was notified he had been indicted. His wife, Elmira, corroborated his testimony. Robert S. Bowling testified he knew nothing about the so-called deed, the grantors never appeared before him, and the acknowledgement to the instrument which purported to be his act was a forgery. It was not shown who recorded the deed or to whom it was turned over after it was placed on record.

The vital question here is whether the original deed was proven at any time to have been in the possession of either of the Prices or in the custody of an agent acting in their behalf or under their control.

There is no doubt that the evidence clearly established the deed to be a forgery. But Jeff Price was not accused of forgery; he was charged with knowingly uttering a forged instrument, namely, the deed in question. The latter is a different and distinct crime. See Flaugher v. Commonwealth, Ky., 279 S.W.2d 775. There is not even a scintilla of evidence in the record that the forged deed was ever in appellant's possession, or that he ever saw it, or that he ever caused it to be lodged for record, or that it was ever, before or after its recordation, delivered to him. On the contrary, there is substantive testimony that the original deed first turned up in the hands of one or more of the Begleys. Its whereabouts continues to be a mystery.

We have a conviction in this case based upon nothing more that suspicion. Furthermore, it appears the case went to the jury on the theory that Jeff Price and Elmira Price (who was also indicted) could be found guilty because they were the sole beneficiaries of the fraudulent act. Certainly we are on solid ground in declaring that mere suspicion and theory will not sustain a charge of knowingly uttering a forged deed.

Wherefore, the judgment is reversed with directions that it be set aside and that if the evidence be the same at another trial the lower court will direct a verdict for appellant.